(No. 2666—

L. O. STANTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed pro se, and alleges that on December 13, 1935, claimant was driving his automobile on Route 6, at its intersection with Wolf Road, in Joliet, and stopped at the gas station at the southeast corner; that he turned back onto Route 6, going west, and when near the center of the highway, Illinois highway maintenance truck, No. 338, side-swiped his automobile, bending in and slightly breaking the upper rear right panel of the body, and crushing both right rear and front fenders and breaking off the right front hub cap. Claimant further alleges that the road at this point is a full four track concrete highway and was dry and free of ice and snow and the driver of the truck had full view of the car, with plenty of room to pass on either side.

Under these facts, the driver of the truck would be liable and most every other employer would be liable, but the State would not be liable.

The estimated cost to repair his car was $48.35, but claimant arranged to have the labor job done for $20.00.

Claimant assumes that the State stands in the same position as an individual or a corporation, and is liable for all damages caused by the negligence of its agents or employees. In this, claimant is in error.

The Attorney General has made a motion to dismiss and that motion must be sustained for the following reasons:

That the rule is universal that the State is never liable for the negligence of its agents and employees unless there is a statute making it so liable. This rule has been so often announced by this and other courts that it would seem it should now be well known. The following are but a few of the many cases announcing the rule: *United States* vs. *Kirkpatrick,* 9 Wheaton, 720; *Story on Agency,* 9 Ed., Sec. 319; *Johnson* vs. *State,* 2 Ct. Cl. 165, and many others too numerous to mention.

The motion of the Attorney General to dismiss will, therefore, be sustained and the cause is dismissed.